**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
RYCKMAN CREEK RESOURCES, LLC, : Case No. 16-10292 (___)
: 
Debtor. : Tax I.D. No. 27-0954180
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
RYCKMAN CREEK RESOURCES : Case No. 16-10293 (___)
HOLDING COMPANY LLC, :
: 
Debtor. :
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
PEREGRINE ROCKY MOUNTAINS LLC, : Case No. 16-10294 (___)
: 
Debtor. :
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
PEREGRINE MIDSTREAM PARTNERS : Case No. 16-10295 (___)
LLC, :
: 
Debtor. : Tax I.D. No. 27-0954180
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CASES UNDER BANKRUPTCY RULE 1015(b) AND LOCAL BANKRUPTCY RULE
1015-1 AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION
342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)**

Ryckman Creek Resources, LLC ("Ryckman") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or the "Company"), hereby move (this "Motion") this Court for entry of an order, under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), providing for the joint administration of the Debtors' separate Chapter 11 Cases (defined below) for procedural purposes only and seeking a waiver of the requirement that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and addresses. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert D. Albergotti, Vice President of Restructuring of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Code Section 342(c)(1). Such relief is also warranted under Bankruptcy Rules 1005, 1015, and 2002(n) and Local Bankruptcy Rule 1015-1.

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court

would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On February 2, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7. The Company was formed to engage in the acquisition, development, marketing, and operation of an underground natural gas storage facility (the "Ryckman Creek Facility"), located in Uinta County, Wyoming. The Ryckman Creek Facility is a 50 billion cubic foot storage facility with a working gas capacity of approximately 42 billion cubic feet. It is located approximately 25 miles from the Opal Hub, where five major interstate gas pipelines converge, allowing for distribution to several key consumer markets, including California, Nevada, the Pacific Northwest, and the Midwest.

8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**RELIEF REQUESTED**

9. By the Motion, the Debtors seek entry of an order, under Bankruptcy Code section 342(c)(1), Bankruptcy Rule 1005, and Local Bankruptcy Rule 1015-1 consolidating the Chapter 11 Cases for procedural purposes only and waiving the requirement that the Debtors' caption and certain notices contain tax identification numbers and any other names used by the Debtors in the previous eight years.

10. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| RYCKMAN CREEK RESOURCES, LLC, et al., | : | Case No. 16-10292 (___) |
| | : | Jointly Administered |
| Debtors.[1] | : | |

11. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Chapter 11 Cases (except that of Ryckman) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Ryckman Creek Resources, LLC, Case No. 16-10292 (___), for procedural purposes only and providing for its joint administration in accordance with the

---

[1] The Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers, are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

terms thereof. The docket in Case No. 16-10292 (___) should be consulted for all matters affecting this case.

12. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

13. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates.

14. Ryckman Creek Resources Holding Company LLC owns approximately 90% of the voting membership interests in Ryckman. Peregrine Rocky Mountains LLC owns 100% of the membership interests in Holdings, and Peregrine Midstream Partners LLC owns 100% of the membership interests in Peregrine Rocky Mountains LLC. As such, each of the Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Thus joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1.

15. Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that almost all of the notices, applications, motions, other pleadings, hearings, and orders in these cases will relate to all of the Debtors.

16. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the

papers in one case rather than in multiple cases. In addition, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process.

17. Moreover, the Debtors submit that use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

18. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

19. An order of joint administration relates to the routine administration of a case and may be entered by the court in its discretion on an ex parte basis. See Del. Bankr. L.R. 1015-1. Indeed, the relief requested herein is commonly granted in this District. See, e.g., In re Quicksilver Resources, Inc., Case No. 15-10585 (LSS) (Bankr. D. Del. Sept. 10, 2015); In re Dendreon Corp., Case No. 14-12515 (LSS) (Bankr. D. Del. Nov. 10, 2014); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. June 10, 2013); In re Synagro Techs., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 24, 2013).[2]

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

## NOTICE

20. Notice of the Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the agent for the Debtors' prepetition secured lenders; (c) counsel to agent for the Debtors' postpetition secured lenders; (d) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in the Chapter 11 Cases; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

21. No previous request for the relief sought in the Motion has been made to this Court or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto, granting the relief sought herein and granting such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       February 2, 2016

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        */s/ Sarah E. Pierce*
        Sarah E. Pierce (I.D. No. 4648)
        One Rodney Square
        P.O. Box 636
        Wilmington, Delaware 19899-0636
        Telephone: (302) 651-3000
        Fax: (302) 651-3001

        - and -

        George N. Panagakis
        Jessica S. Kumar
        155 N. Wacker Dr.
        Chicago, Illinois 60606
        Telephone: (312) 407-0700
        Fax: (312) 407-0411

        Proposed Counsel for Debtors and Debtors in Possession

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
RYCKMAN CREEK RESOURCES, LLC,             :    Case No. 16-10292 (___)
                                          :
          Debtor.                         :    Tax I.D. No. 27-0954180
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
RYCKMAN CREEK RESOURCES                   :    Case No. 16-10293 (___)
HOLDING COMPANY LLC,                      :
                                          :
          Debtor.                         :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
PEREGRINE ROCKY MOUNTAINS LLC,            :    Case No. 16-10294 (___)
                                          :
          Debtor.                         :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
PEREGRINE MIDSTREAM PARTNERS              :    Case No. 16-10295 (___)
LLC,                                      :
                                          :
          Debtor.                         :    Tax I.D. No. 27-0954180
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES UNDER
BANKRUPTCY RULE 1015(b) AND LOCAL BANKRUPTCY RULE 1015-1 AND (II)
WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND
<u>BANKRUPTCY RULES 1005 AND 2002(n)</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors for an order under Bankruptcy Code section 342(c)(1), Bankruptcy Rule 1015(b), and Local Bankruptcy Rule 1015-1 directing joint administration of these cases and administratively consolidating the respective chapter 11 cases of each Debtor for procedural purposes only and waiving the requirement that the Debtors' captions list the Debtors' tax identification numbers and certain other information; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases of the Debtors be, and hereby is, jointly administered by the Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RYCKMAN CREEK RESOURCES, LLC, et al., | : | Case No. 16-10292 (___) |
| | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |

4. Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Ryckman Creek Resources, LLC, Case No. 16-10292 (___).

5. The requirement under Bankruptcy Rule 2002(n) that any other names used by the Debtors in the previous eight years be contained in the caption is hereby waived.

6. A docket entry shall be made in each of the Chapter 11 Cases (except that of Ryckman) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Ryckman Creek Resources, LLC, Case No. 16-10292 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-10292 (___) should be consulted for all matters affecting this case.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

---

[1] The Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers, are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

8.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this order.

Dated: Wilmington, Delaware

_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE