# EXHIBIT 1

**Bidding Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------- x
: 
In re: : Chapter 11
:
RYCKMAN CREEK RESOURCES, LLC, : Case No. 16-10292 (KJC)
et al., :
: Jointly Administered
Debtors.[3] :
:
------------------------------- x

## BIDDING PROCEDURES

On May 10, 2017, the Debtors filed the Debtors' Motion for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling the Bid Deadline and the Auction, (III) Approving the Form and Manner of Notice Thereof, and (IV) Granting Related Relief [Docket No. [●]] (the "Bidding Procedures Motion"),[4] seeking approval of, among other things, the procedures through which they will determine the highest or otherwise best offer for consummating a transaction to sell all or substantially all of the new common stock in the Reorganized Debtors (the "Transaction").[5]

On [●], 2017, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Bidding Procedures Order"), approving the Bidding Procedures Motion and the proposed auction and bidding procedures set forth below (the "Bidding Procedures"). These Bidding Procedures set forth the process by which the Debtors are authorized to solicit bids regarding the Transaction and conduct an auction (the "Auction") to determine the Winning Bidder (as defined below).

## MARKETING PROCESS

### I.  Contact Parties

The Debtors, in consultation with Wells Fargo Securities, LLC ("Wells Fargo Securities"), the Debtors' investment banker, have developed a list of parties whom they believe

---

[3] The Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers, are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[5] As used herein, the "Reorganized Debtors" shall refer to the Debtors or any successors thereto, by merger, consolidation, or otherwise, from and after the effective date of the Debtors' plan of reorganization, but excluding specifically any of the Debtors who are dissolved pursuant to such plan.

may be interested in, and whom the Debtors reasonably believe would have the financial resources to consummate, a Transaction. The list of parties includes both strategic investors and financial investors (collectively, the "Contact Parties"). The Debtors and Wells Fargo Securities began to contact the Contact Parties to explore their interest in pursuing a Transaction. The Debtors and Wells Fargo Securities will continue to discuss, and may supplement, the list of Contact Parties throughout the marketing process, as appropriate.

The Debtors may distribute (to the extent not already distributed) to each Contact Party and any other interested party, an information package (the "Information Package") consisting of: (i) a copy of the Bidding Procedures, the Bidding Procedures Motion, and the Bidding Procedures Order; (ii) a form confidentiality agreement (a "Confidentiality Agreement"); and (iii) other materials as appropriate under the circumstances. The Information Package shall be in form and substance reasonably satisfactory to the Consultation Parties (as defined below).

## II.  Participation Requirements

To receive due diligence information, including non-public information regarding the Debtors, a party interested in consummating a Transaction (a "Potential Bidder") must deliver to each of: (i) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom, LLP, 155 North Upper Wacker Drive, Chicago, Illinois 60606, Attn: George N. Panagakis (george.panagakis@skadden.com) and Christopher M. Dressel (christopher.dressel@skadden.com), and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Allie M. Keefe (allie.keefe@skadden.com); and (ii) investment banker to the Debtors, Wells Fargo Securities, LLC, 375 Park Avenue, New York, New York 10152-0002, Attn: Hugh D. Babowal (hugh.babowal@wellsfargo.com), Nick Horodinca (nick.horodinca@wellsfargo.com), and Benjamin May (benajmin.a.may@wellsfargo.com) (collectively, the "Debtors' Advisors"), the following documents (collectively, the "Preliminary Bid Documents"):

(a) An executed Confidentiality Agreement on terms acceptable to the Debtors, to the extent not already executed; and

(b) proof by the Potential Bidder of its financial capacity to close a proposed Transaction, which may include financial statements of, or verified financial commitments obtained by, the Potential Bidder (or, if the Potential Bidder is an entity formed for the purpose of consummating the Transaction, the party that will bear liability for a breach), the adequacy of which will be assessed by the Debtors in consultation with the Consultation Parties.

Promptly after a Potential Bidder delivers Preliminary Bid Documents, the Debtors will determine and notify the Potential Bidder whether such Potential Bidder has submitted acceptable Preliminary Bid Documents so that the Potential Bidder may proceed to conduct due diligence and ultimately submit a Bid (as defined herein) and participate in the Auction, as applicable, and will provide copies of any such notices to the Notice Parties. Only those Potential Bidders that have submitted acceptable Preliminary Bid Documents, as

determined by the Debtors in consultation with the Consultation Parties (each, an "Acceptable Bidder"), may submit Bids.

## III. Non-Binding Indications of Interest

Any party interested in a Transaction (regardless of whether such party has been determined to be an Acceptable Bidder) shall submit an Indication of Interest on or before May 24, 2017, at 5:00 p.m. (prevailing Eastern Time) (as may be extended without notice or hearing by the Debtors, with the consent of the Agent, the "Indication of Interest Deadline"). The Indication of Interest should (i) identify whether the party is interested in acquiring all or substantially all of the common stock of the Reorganized Debtors; (ii) set forth a proposed purchase price for the proposed Transaction, including by identifying separately any cash and non-cash components of the proposed Transaction consideration, including, for example, certain liabilities to be assumed; and (iii) identify any proposed conditions to closing the Transaction.

Beginning on or as soon as is reasonably practicable after the Debtors determine that a Potential Bidder is an Acceptable Bidder, and following submission of an Indication of Interest that, in the Debtors' reasonable discretion, satisfies the requirements for the Indication of Interest set forth above, the Debtors will provide such Acceptable Bidder with access to the virtual data room (the "VDR") and other reasonable due diligence information, as requested by such Acceptable Bidder. The Debtors shall post substantially all written due diligence provided to any Acceptable Bidder to the VDR. All due diligence requests must be directed to Wells Fargo Securities. To the extent reasonably practicable, Wells Fargo Securities will also facilitate meetings between any interested Acceptable Bidder and the Debtors' management team or arrange meetings at the Ryckman Creek Facility, which meetings will proceed in a manner determined by the Debtors, in their discretion. The due diligence period will end on the Bid Deadline (as defined below), and, subsequent to the Bid Deadline, the Debtors will have no obligation to furnish any due diligence information.

The Debtors will provide access, in the VDR, to a form chapter 11 plan sponsor agreement ("Form Plan Sponsor Agreement"). The Debtors and their advisors will coordinate all reasonable requests from Acceptable Bidders for additional information and due diligence access; provided that the Debtors may, in consultation with the Consultation Parties, decline to provide such information to Acceptable Bidders who, at such time and in the Debtors' business judgment, have not established, or who have raised doubt, that such Acceptable Bidder intends in good faith to, or has the capacity to, consummate a Transaction.

Each Acceptable Bidder shall comply with all reasonable requests for additional information and due diligence access by the Debtors or the Debtors' Advisors regarding such Acceptable Bidder and its contemplated Transaction.

Indications of Interest should be submitted to the Debtors' Advisors by the Indication of Interest Deadline. The Debtors' Advisors shall deliver any Indication of Interest received to the Notice Parties within two business days of receipt.

Submitting an Indication of Interest by the Indication of Interest Deadline does not obligate an Acceptable Bidder to submit a formal bid or to participate in the sale process and

3

does not exempt an Acceptable Bidder from also having to submit a Qualified Bid by the Bid Deadline to participate in the Auction (each as defined below). For the avoidance of doubt, the submission of an Indication of Interest by the Indication of Interest Deadline is not a prerequisite for Potential Bidders to submit a Qualified Bid.

## AUCTION PROCESS

### I. Bid Deadline

An Acceptable Bidder that desires to make a proposal, solicitation, or offer (each, a "Bid") shall transmit such Bid via electronic mail (in .pdf or other similar format) so as to be actually received on or before June 26, 2017, at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline") to:

(a) the Debtors, 3 Riverway, Suite 1100, Houston, Texas 77056, Attn: Robert D. Albergotti (ralbergotti@alixpartners.com);

(b) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Upper Wacker Drive, Chicago, Illinois 60606, Attn: George N. Panagakis (george.panagakis@skadden.com) and Christopher M. Dressel (christopher.dressel@skadden.com), and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Allie M. Keefe (allie.keefe@skadden.com);

(c) investment banker to the Debtors, Wells Fargo Securities, LLC, 375 Park Avenue, New York, New York 10152-0002, Attn: Hugh D. Babowal (hugh.babowal@wellsfargo.com), Nick Horodinca (nick.horodinca@wellsfargo.com), and Benjamin May (benajmin.a.may@wellsfargo.com);

(d) counsel to the Agent, Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, Attn: Robert Jones (robert.jones@hklaw.com) and Brent McIlwain (brent.mcilwain@hklaw.com), and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19899, Attn: Justin R. Alberto (jalberto@bayardlaw.com); and

(e) counsel to the Creditors' Committee, Greenberg Traurig, LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, Attn: Dennis A. Meloro (melorod@gtlaw.com); and 1000 Louisiana, Suite 1700, Houston, Texas 77002, Attn: Shari L. Heyen (HeyenS@gtlaw.com) and Michael L. Burnett (burnettm@gtlaw.com); and Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: David B. Kurzweil (kurzweild@gtlaw.com).

### II. Bid Requirements

Each Bid by an Acceptable Bidder (each, a "Bidder") must be submitted in writing and satisfy the following requirements (collectively, the "Bid Requirements"):

4

(a) Purchase Price: Each Bid must clearly set forth the terms of any proposed Transaction, including (and identifying separately) any cash and non-cash components of the proposed Transaction consideration, including, for example, certain liabilities to be assumed by the Bidder as part of the Plan (the "Purchase Price"). In addition, each Bid must contain either (i) a cash component sufficient to pay all administrative and priority claims in the Chapter 11 Cases in full on the effective date of the Plan or (ii) assumption by the Bidder of each of these claims.

(b) Deposit: Each Bid must be accompanied by a cash deposit in the amount equal to 5% of the aggregate value of the cash and non-cash consideration of the Bid (the "Deposit") in the form of a wire transfer, certified check, or such other form acceptable to the Debtors, which shall be held in an interest-bearing escrow account (the "Escrow Account").

(c) Marked Documents: Each Bid must include, at a minimum, a marked version of the Form Plan Sponsor Agreement, together with any supplements, exhibits, and schedules related thereto and any related transaction documents or other material documents integral to such Bid, pursuant to which the Acceptable Bidder proposes to effectuate the Transaction (collectively, the "Transaction Documents"). Any modifications to the Form Plan Sponsor Agreement must be in form and substance acceptable to the Debtors and the Agent.

(d) Committed Financing: To the extent that a Bid is not accompanied by evidence of the Acceptable Bidder's capacity to consummate the Transaction set forth in its Bid with cash on hand, each Bid must include committed financing documented to the Debtors' satisfaction, after consultation with the Consultation Parties, that demonstrates that the Bidder has received sufficient debt and/or equity funding commitments to satisfy the Bidder's Purchase Price and other obligations under its Bid. Such funding commitments or other financing must be unconditional and must not be subject to any internal approvals, syndication requirements, diligence, or credit committee approvals, and shall have covenants and conditions acceptable to the Debtors.

(e) Contingencies; No Financing or Diligence Outs: A Bid shall not be conditioned on the obtaining or the sufficiency of financing, any internal approval, regulatory contingencies, or on the outcome or review of due diligence, but may be subject to the accuracy at the closing of the Transaction of specified representations and warranties or the satisfaction at the closing of specified conditions.

(f) Identity: Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid (including each equity holder or other financial backer of the Bidder if such Bidder is an entity formed for the purpose of consummating the

proposed Transaction contemplated by such Bid), and the complete terms of any such participation. Under no circumstances shall any undisclosed principals, equity holders, or financial backers be associated with any Bid. Each Bid must also include contact information for the specific person(s) and counsel to contact regarding such Bid.

(g) Authorization: Each Bid must contain evidence that the Bidder has obtained authorization or approval from its board of directors (or comparable governing body acceptable to the Debtors) with respect to the submission of the Bid and the consummation of the Transactions contemplated in such Bid.

(h) As-Is, Where-Is: Each Bid must include a written acknowledgement and representation that the Bidder: (1) has had an opportunity to conduct any and all due diligence regarding the Company prior to making its offer; (2) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets of the Company in making its Bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Company or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Transaction Documents.

By submitting its Bid, each Bidder is agreeing, and shall be deemed to have agreed, to abide by and honor the terms of these Bidding Procedures and to refrain from submitting a Bid or seeking to reopen the Auction after conclusion of the Auction. **The submission of a Bid shall constitute a binding and irrevocable offer to acquire all or substantially all of the new common stock of the Reorganized Debtors as reflected in such Bid.**

### III. Designation of Qualified Bidders

A Bid will be considered a "Qualified Bid," and each Bidder that submits a Qualified Bid will be considered a "Qualified Bidder," if the Debtors determine, after consultation with the other Consultation Parties, that such Bid:

(a) Satisfies the Bid Requirements set forth above; and

(b) is reasonably likely (based on availability of financing, any regulatory issues, experience, and other considerations) to be consummated, if selected as the Winning Bid (as defined below), within a time frame acceptable to the Debtors, the Agent, the Prepetition Lenders, and the DIP Lenders.

Within one business day after the Bid Deadline, the Debtors will notify each Qualified Bidder whether such party is a Qualified Bidder and shall provide the Notice Parties a copy of each Qualified Bid.

6

If any Bid is determined by the Debtors not to be a Qualified Bid, the Debtors will refund such Acceptable Bidder's Deposit, and all accumulated interest thereon, on the date that is three business days after the Bid Deadline, or as soon as reasonably practicable thereafter.

Upon notification by the Debtors to the Qualified Bidder that its Bid is a Qualified Bid, the Qualified Bidder shall be deemed to agree to serve as a backup bidder (the "Backup Bidder") in the event that its Qualified Bid is determined by the Debtors, in the exercise of their business judgment after consultation with the Consultation Parties, to be the second-highest or otherwise second-best Qualified Bid. Such Qualified Bidder shall be required to serve as a Backup Bidder until such time that the Transaction is consummated through confirmation of the Modified Plan and closing of the Transaction.

Between the date that the Debtors notify a Bidder that it is a Qualified Bidder and the Auction, the Debtors may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder. Without the prior written consent of the Debtors, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase their Purchase Price, or otherwise improve the terms of, as determined by the Debtors, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.

## IV. Stalking Horse Bidder Designation

The Debtors reserve their right, subject to approval of the Bankruptcy Court, to select no more than one Acceptable Bidder, other than the DIP Lenders, to act as a stalking horse bidder (a "Stalking Horse Bidder," and the Bid submitted by the Stalking Horse Bidder, the "Stalking Horse Bid") in connection with the Auction. The Debtors will agree with any Stalking Horse Bidder to enter into the Transaction contemplated in such Stalking Horse Bid unless (i) a higher or better Bid is submitted with respect to such Transaction or (ii) the Debtors have received a Bid that will realize greater value to the Debtors or their estates, and that would be prevented in whole or in part by the Transaction contemplated in the Stalking Horse Bid. In the event the Debtors select a Stalking Horse Bidder, they shall promptly file a motion seeking approval of the Stalking Horse Bidder and any Bid Protections (as defined herein) granted to such Stalking Horse Bidder. The effectiveness of any agreement between the Debtors and any Stalking Horse Bidder is subject to entry of further order of the Court.

## V. The Auction

If the Debtors receive one or more Qualified Bids from a party other than the DIP Lenders, the Debtors will conduct the Auction to determine the Winning Bidder with respect to acquiring all or substantially all of the new common stock of the Reorganized Debtors.

No later than June 27, 2017, at 5:00 p.m. (prevailing Eastern Time), the Debtors, after consultation with the Consultation Parties, will notify all Qualified Bidders of the highest or otherwise best Qualified Bid, as determined in the Debtors' business judgement (the "Baseline Bid"), and provide copies of the documents supporting the Baseline Bid to all Qualified Bidders

7

and the Notice Parties. The Debtors' determination of which Qualified Bid constitutes the Baseline Bid and which Qualified Bid constitutes the Winning Bid shall take into account any factors the Debtors, after consultation with the Consultation Parties, reasonably deem relevant to the value of the Qualified Bid to the Debtors' estates, including, among other things: (a) the number, type, and nature of any changes to the Form Plan Sponsor Agreement requested by the Qualified Bidder; (b) the amount and nature of the total consideration; (c) the likelihood that the Transaction contemplated by the Bid will close and the timing thereof; (d) the net economic effect of any changes to the value to be received by the Debtors' estates from the Transaction contemplated by the Baseline Bid; and (e) the tax consequences of such Qualified Bid (collectively, the "Bid Assessment Criteria").

In the event that the Debtors (in consultation with the Creditors' Committee and the Agent) determine that they have received more than one Qualified Bid, the Debtors are authorized to conduct the Auction. Other than as expressly set forth herein, the Debtors may conduct an Auction in the manner they determine, in consultation with the Creditors' Committee and the Agent, will result in the highest or otherwise best offer for a Transaction. The Auction shall take place at 9:30 a.m. (prevailing Eastern Time) on June 28, 2017, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, or such later date and time as selected by the Debtors, with the consent of the Agent, in their sole discretion.

(a) The Debtors Shall Conduct the Auction

The Debtors and the Debtors' Advisors shall direct and preside over the Auction. At the start of the Auction, the Debtors shall describe the terms of the Baseline Bid. All incremental Bids made thereafter shall be Overbids (as defined herein) and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders. The Debtors shall maintain a written transcript of all Bids made and announced at the Auction, including the Baseline Bid, all Overbids, and the Winning Bid.

Only Qualified Bidders, the Agent, the DIP Lenders, the Prepetition Lenders, Bear River, the Creditors' Committee and each of their respective legal and financial advisors, shall be entitled to attend the Auction, and the Qualified Bidders shall appear at the Auction in person and may speak or submit Bids themselves or through duly authorized representatives. Only Qualified Bidders shall be entitled to Bid at the Auction.

(b) Terms of Overbids

"Overbid" means any Bid made at the Auction by a Qualified Bidder subsequent to the Debtors' announcement of the Baseline Bid. Each Overbid must comply with the following conditions:

      (i) Minimum Overbid Increment. Any Overbid following the Baseline Bid or following any subsequent Prevailing Highest Bid (as defined below) shall be in increments of value (including revised treatment under the Plan) equal to $500,000, as determined

8

by the Debtors in an exercise of their business judgment, after consultation with the Consultation Parties.

(ii) Conclusion of Each Overbid Round. Upon the solicitation of each round of Overbids, the Debtors may announce a deadline (as the Debtors may, in their business judgment, after consultation with the Consultation Parties, extend from time to time, the "Overbid Round Deadline") by which time any Overbids must be submitted to the Debtors.

(iii) Overbid Alterations. An Overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable to the Debtors' estates than any prior Qualified Bid or Overbid, as determined in the Debtors' business judgment, after consultation with the Consultation Parties, but shall otherwise comply with the terms of these Bidding Procedures.

(iv) Announcing Highest Bid. Subsequent to each Overbid Round Deadline, the Debtors shall announce whether the Debtors have identified, after consultation with the Consultation Parties, an Overbid as being higher or otherwise better than the Baseline Bid, in the initial Overbid round, or, in subsequent rounds, the Overbid previously designated by the Debtors as the prevailing highest or otherwise best Bid (the "Prevailing Highest Bid"). The Debtors shall describe to all Qualified Bidders the material terms of any new Overbid designated by the Debtors as the Prevailing Highest Bid as well as the value attributable by the Debtors to such Prevailing Highest Bid based on, among other things, the Bid Assessment Criteria.

(c) Adjourning the Auction

The Debtors reserve the right, in their business judgment, to adjourn the Auction one or more times, after consultation with the Consultation Parties and the Creditors' Committee, to, among other things: (i) facilitate discussions between the Debtors and the Qualified Bidders, (ii) allow Qualified Bidders to consider how they wish to proceed, and (iii) allow Qualified Bidders the opportunity to provide the Debtors with such additional evidence as the Debtors, in their business judgment, may require, that the Qualified Bidder has sufficient internal resources or has received sufficient non-contingent debt and/or equity funding commitment to consummate the proposed Transaction at the prevailing Overbid amount.

(d) Closing the Auction

The Auction shall continue until there is only one Qualified Bid that the Debtors determine, in their business judgment, after consultation with the Consultation Parties, to be the highest or otherwise best Qualified Bid for substantially all of the new common stock of the Reorganized Debtors. Such Qualified Bid shall be declared the "Winning Bid," and such

9

Qualified Bidder, the "Winning Bidder," at which point the Auction will be closed. The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then Prevailing Highest Bid. Such acceptance by the Debtors of the Winning Bid is conditioned upon approval by the Court of the Winning Bid under the terms of the Modified Plan. For the avoidance of doubt, nothing in these Bidding Procedures shall prevent the Debtors from exercising their respective fiduciary duties under applicable law. As soon as reasonably practicable after closing the Auction, the Debtors shall finalize definitive documentation to implement the terms of the Winning Bid, including, as applicable, the Plan, the Plan Supplement (as defined in the Plan), and the Confirmation Order (as defined in the Plan) and, cause such definitive documentation to be filed with the Court, as necessary.

(e) No Collusion; Good-Faith *Bona Fide* Offer

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (i) it has not engaged in any collusion with respect to the bidding and (ii) its Qualified Bid is a good-faith *bona fide* offer and it intends to consummate the proposed Transaction if selected as the Winning Bidder.

## VI. Backup Bidder

Notwithstanding anything in these Bidding Procedures to the contrary, the Qualified Bidder with the next-highest or otherwise second-best Qualified Bid, as determined by the Debtors in the exercise of their business judgment after consultation with the Consultation Parties, shall be required to serve as the Backup Bidder until such time that the Transaction is consummated through confirmation of the Modified Plan and closing of the Transaction, and each Qualified Bidder shall agree and be deemed to agree to be the Backup Bidder if so designated by the Debtors.

The identity of the Backup Bidder and the amount and material terms of the Qualified Bid of the Backup Bidder shall be announced by the Debtors, after consultation with the Consultation Parties, at the conclusion of the Auction at the same time the Debtors announce the identity of the Winning Bidder. The Backup Bidder shall be required to keep its Qualified Bid (or if the Backup Bidder submits one or more Overbids at the Auction, its final Overbid) open and irrevocable until such time that the Transaction is consummated through confirmation of the Modified Plan and closing of the Transaction. The Backup Bidder's Deposit shall be held in escrow pending confirmation of the Modified Plan and closing of the Transaction.

If the Winning Bidder fails to consummate the approved Transactions contemplated by its Winning Bid, the Debtors (with the consent of the Agent) may select the Backup Bidder as the Winning Bidder, and such Backup Bidder shall be deemed the Winning Bidder for all purposes. The Debtors will be authorized, but not required, to consummate all Transactions contemplated by the Winning Bid of such Backup Bidder without further order of the Court or notice to any party. In such case, the defaulting Winning Bidder's Deposit shall be forfeited to the Debtors, and the Debtors specifically reserve the right to seek all available remedies against the defaulting Winning Bidder, including with respect to specific performance.

## VII. Notice and Consultation Parties

Information that must be provided to the "Notice Parties" under these Bidding Procedures must be provided to the following parties: (1) counsel to the Agent, Holland & Knight LLP, 200 Crescent Court, Suite 1600, Dallas, Texas 75201, Attn: Robert Jones (robert.jones@hklaw.com) and Brent McIlwain (brent.mcilwain@hklaw.com), and Bayard, P.A., 222 Delaware Avenue, Suite 900, Wilmington, Delaware 19899, Attn: Justin R. Alberto (jalberto@bayardlaw.com); (2) counsel to Bear River Acquisition Company, Inc. and EQT Partners, Inc., Morris, Nichols, Arsht & Tunnel LLP, 1201 North market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899, and Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201, Attn: Michael A. Saslaw (msaslaw@velaw.com), Matthew W. Moran (mmoran@velaw.com), Sarah H. Mitchell (smitchell@velaw.com), and George M. Padis (gpadis@velaw.com), and 666 Fifth Avenue, 26th Floor, New York, New York 10103, Attn: Steven M. Abramowitz (sabramowitz@velaw.com); and (3) counsel to the Creditors' Committee, Greenberg Traurig, LLP, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, Attn: Dennis A. Meloro (melorod@gtlaw.com); and 1000 Louisiana, Suite 1700, Houston, Texas 77002, Attn: Shari L. Heyen (HeyenS@gtlaw.com) and Michael L. Burnett (burnettm@gtlaw.com); and Terminus 200, 3333 Piedmont Road, NE, Suite 2500, Atlanta, Georgia 30305, Attn: David B. Kurzweil (kurzweild@gtlaw.com).

The term "Consultation Parties" as used in these Bidding Procedures shall mean: (a) counsel to the Agent; (b) counsel to Bear River; and (c) counsel to the Creditors' Committee; provided that no Consultation Party (or their respective clients) shall be permitted to participate in the Auction or otherwise submit any Bid at or prior to the Auction.

Notwithstanding anything to the contrary herein, all rights, claims, interests, benefits, and other protections of the DIP Lenders and, as applicable, their respective affiliates, assignees, designees, or partners in their capacities as "DIP Lenders" under (a) and as defined in, the *Final Order (I) Authorizing Debtor Ryckman Creek Resources, LLC to (A) Obtain Postpetition Financing on a Secured, Superpriority Basis and (B) Use Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief* [Docket No. 195] (together with all annexes, schedules, and exhibits thereto, the "Final DIP Order") and the other DIP Loan Documents (as defined in the Final DIP Order), (b) the Bankruptcy Code, and (c) other applicable law, in each case, shall be fully preserved and not limited or otherwise impaired in any respect by these Bidding Procedures.

## VIII. "As Is, Where Is"

Consummation of any Transaction will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors or their estates, except as specifically accepted or agreed to by the Debtors in accordance with the terms of any plan support agreement. Except as specifically accepted or agreed to by the Debtors, all of the Debtors' right, title, and interest in and to the Company will be transferred pursuant to the Plan free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests in accordance with Bankruptcy Code sections 363(f) and 1123(a)(5)(D).

11

By submitting a Bid, each Acceptable Bidder will be deemed to acknowledge and represent that it (a) has had an opportunity to conduct any and all due diligence regarding the Company prior to making its offer; (b) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the assets of the Company in making its Bid; and (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, regarding the Company or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bidder's Transaction Documents.

## IX. Reservation of Rights

Notwithstanding anything to the contrary in these Bidding Procedures, the Debtors reserve their rights, as they may determine to be in the best interest of their estates and in the exercise of their fiduciary obligations, to: (a) after consultation with the Consultation Parties and the consent of the Agent, modify the Bidding Procedures or impose, at or prior to the Auction, different and/or additional terms and conditions of the Auction, (b) announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction and which additional procedural rules shall only apply from and after such announcement, (c) determine which bidders are Qualified Bidders, (d) determine which bids qualify as Qualified Bids and Overbids, (e) determine whether to accept any Qualified Bid or Overbid, (f) determine which Qualified Bid is the highest or otherwise best proposal and which is the next highest or otherwise best proposal, (g) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures, the Bidding Procedures Order, or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates, (h) waive terms and conditions set forth herein with respect to all potential Bidders, and (i) extend the deadlines set forth herein.

## X. Consent to Jurisdiction

All Qualified Bidders, any potential Stalking Horse Bidder, and all Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors or a Transaction, and have waived any right to a jury trial in connection with any disputes relating to the Chapter 11 Cases, the Auction, and the construction and enforcement of these Bidding Procedures.

## XI. Confirmation Hearing

A hearing to consider confirmation of the Plan and approval of the Transaction (the "Confirmation Hearing") pursuant to which the Debtors and the Winning Bidder will consummate the Transaction will be held on or prior to August 2, 2017.

**The Confirmation Hearing may be continued to a later date by the Debtors by sending prior notice to, or making an announcement at, the Confirmation Hearing. No further notice of any such continuance will be required to be provided to any party.**

At the Confirmation Hearing, the Debtors shall submit the Plan, which shall incorporate the terms of the Winning Bid, to the Court for confirmation.

## XII. Return of Deposit

The Deposit of the Winning Bidder shall be applied to the purchase price of such Transaction at closing. The Deposits for each Qualified Bidder shall be held in one or more interest-bearing escrow accounts on terms acceptable to the Debtors in their sole discretion and shall be returned (other than with respect to the Winning Bidder and the Backup Bidder) on the date that is three business days after the Auction, or as soon as is reasonably practicable thereafter. Upon the return of the Deposits, the applicable Qualified Bidders shall receive any and all interest that will have accrued thereon.

If a Winning Bidder fails to consummate a proposed Transaction because of a breach by such Winning Bidder, the Debtors will not have any obligation to return the Deposit deposited by such Winning Bidder, which may be retained by the Debtors as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to the Debtors, and the Debtors shall be free to consummate the proposed Transaction with the applicable Backup Bidder without the need for an additional hearing or order of the Court.

## XIII. No Modification of Bidding Procedures

These Bidding Procedures may not be modified except with the express prior written consent of the Debtors and the Agent, after consultation with the Consultation Parties.

Dated: Wilmington, Delaware
      May [●], 2017

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                    /s/ _____
                    Sarah E. Pierce (I.D. No. 4648)
                    Alison M. Keefe (I.D. No. 6187)
                    One Rodney Square
                    P.O. Box 636
                    Wilmington, Delaware 19899-0636
                    Telephone: (302) 651-3000
                    Fax: (302) 651-3001

                    - and -

                    George N. Panagakis
                    Tabitha J. Atkin
                    155 N. Wacker Dr.
                    Chicago, Illinois 60606
                    Telephone: (312) 407-0700
                    Fax: (312) 407-0411

                    Counsel for Debtors and Debtors in Possession