# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RYCKMAN CREEK RESOURCES, LLC, *et al.*,[1]<br>                  Debtors. | Chapter 11<br><br>Case No. 16-10292 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: September 26, 2019 at 11:00 a.m.<br>Objection Deadline: September 19, 2019 at 4:00 p.m. |

**FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION OF THE LIQUIDATING TRUSTEE TO CLAIMS PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, <u>AND LOCAL RULE 3007-1</u>**

\* \* \* \*

**Claimants receiving this Objection should locate their name(s) and claim number(s) in Exhibits A and B annexed to the Proposed Order attached hereto as Exhibit 1, which contains the grounds for objections pertaining to their claim(s) and the relief being sought by the Liquidating Trustee.**

**Your substantive rights may be affected by this Objection and by any further objection that may be filed by the Liquidating Trustee.**

**The relief sought herein is without prejudice to the Liquidating Trustee's rights to pursue further substantive or non-substantive objections against the claims listed in Exhibits A and B attached to the Proposed Order annexed to the Objection as Exhibit 1.**

\* \* \* \*

JLL Consultants, Inc. ("**JLL**"), solely in its capacity as liquidating trustee (the "**Liquidating Trustee**") of the Ryckman Liquidating Trust (the "**Liquidating Trust**"), and in accordance with its rights and duties under the *Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-In-Possession* [Doc. 1364] (as modified, supplemented, and amended) in the above-

---

[1] The Reorganized Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

ADMIN 35608643v1

captioned jointly-administered bankruptcy cases (the "**Plan**"),[2] hereby objects (the "**Objection**") to certain claims under section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), and requests entry of an order substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**") disallowing and expunging in their entirety: (A) certain duplicate claims listed on **Exhibit A** annexed to the Proposed Order (collectively, the "**Duplicate Claims**"); and (B) certain claims filed by members of the Debtors and based upon membership interests in the Debtors, as listed on **Exhibit B** annexed to the Proposed Order (the "**Equity Claims**").

In support of this Objection, the Liquidating Trustee relies upon the *Declaration of Robert D. Albergotti in Support of the First Omnibus (Non-Substantive) Objection of the Liquidating Trustee to Claims Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "**Declaration**"), attached hereto as **Exhibit 2**. In further support of this Objection, the Liquidating Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 502, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1.

---

[2] Capitalized terms not defined herein have the meanings given to them either in the Plan and/or the Confirmation Order, as applicable.

3. Under Local Bankruptcy Rule 9013-1(f), the Liquidating Trustee consent to the entry of a final judgment or order with respect to this Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

**A.    Commencement of Debtors' Cases and Establishment of Liquidating Trust.**

4. On February 2, 2016 (the "**Petition Date**"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Chapter 11 Cases are jointly administered.

5. The Company was originally formed to engage in the acquisition, development, marketing, and operation of an underground natural gas storage facility (the "**Ryckman Creek Facility**"), located in Uinta County, Wyoming.

6. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the Declaration of Robert D. Albergotti, as Vice President of Restructuring of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Doc. 20].

7. On December 22, 2017, the Court entered an order confirming the Plan [Doc. 1403] (the "**Confirmation Order**"). The Effective Date of the Plan occurred on December 27, 2017.

8. Pursuant to Article 12.1 of the Plan, a Liquidating Trust was established in accordance with the terms of a Liquidating Trust Agreement approved in connection with

confirmation of the Plan (the "**Liquidating Trust Agreement**").³ Under the Plan and Confirmation Order, the Liquidating Trustee was appointed to administer the Liquidating Trust for the benefit of the beneficiaries thereof.

9. Pursuant to the Plan, the Liquidating Trustee "may, among other things, object to . . . any and all Claims against the Debtors or their Estates that have not already been deemed Allowed as of the Effective Date." (Plan § 12.6).

**B.   Bar Dates**

10. On February 29, 2016, the Court entered its Order Under Bankruptcy Sections 105, 501, 502, 503, and 1111(a) and Bankruptcy Rules 2002, 3003(c)(3), and 9007, and Local Bankruptcy Rules 1009-2 and 2002-1(e) (I) Setting General Bar Date, (II) Establishing Procedures for Filing Proofs of Claim, and (III) Approving Form and Manner of Notice Thereof [Docket No. 111] (the "**Bar Date Order**").

11. Pursuant to the Bar Date Order, April 11, 2016 (the "**General Bar Date**") was established as the deadline for all entities or persons, except any governmental unit, to file proofs of claim, and August 1, 2016 was established as a deadline for all governmental units to file proofs of claim. The Bar Date Order also established as the deadline for rejection damages (the "**Rejection Bar Date**") by which all persons or entities that hold or wish to assert a claim arising from the Debtors' rejection of any executory contract or unexpired lease under Bankruptcy Code section 365 must assert a claim. The Rejection Bar Date is the date on or before the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this

---

³ A copy of the Liquidating Trust Agreement, as amended, was filed on the docket as Exhibit E to the *Notice of Filing of Fourth Plan Supplement with Respect to the Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-in-Possession* [Doc. 1395].

Court, (b) any date set by another order of this Court, or (c) the General Bar Date.

12. On March 14, 2016, Kurtzman Carson Consultants LLC ("**KCC**") caused to be served a notice of the Bar Date (the "**Bar Date Notice**").

13. On March 11, 2016, the Debtors published the Bar Date Notice in the *Houston Chronicle*, *Salt Lake Tribune*, *Uinta County Herald*, and *Wyoming Tribune Eagle*. *See* Affidavit of Publication of Notice of Deadline for Filing Proofs of Claim [Docket Nos. 163–166].

14. As of the date hereof, approximately 313 proofs of claim have been filed in the Chapter 11 Cases. The Liquidating Trustee and its advisors have commenced a claims reconciliation process that includes identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. As part of this ongoing process, the Liquidating Trustee has reviewed each of the claims listed on Exhibits A and B of the Proposed Order and have concluded that each claim is appropriately objected to on one or more of the bases set forth below. In addition to the present Objection, the Liquidating Trustee anticipates filing further individual and/or omnibus objections.

## RELIEF REQUESTED

15. By this Objection, the Liquidating Trustee seeks entry of an order, under Bankruptcy Code sections 501, 502, and 507, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1, disallowing and expunging in their entirety the 8 Claims listed on **Exhibits A and B** of the Proposed Order.

## BASIS FOR RELIEF

A. **Duplicate Claims (Exhibit A to Proposed Order)**

16. The Liquidating Trustee objects to each of the claims listed in **Exhibit A** to the Proposed Order on the ground that each Duplicate Claim is a proof of claim which is a duplicate

5

of a previously filed Claim. Given that the Debtors' estates cannot be required to pay on the same Claim more than once, the Liquidating Trustee objects to each Duplicate Claim and seeks entry of an order disallowing the Duplicate Claims in their entirety. *See In re Aleris Int'l, Inc.*, Case No. 09-10478 (Bankr. D. Del. Dec. 10, 2009) (order disallowing and expunging claims filed by individual noteholders because the claims were duplicative of those filed by indenture trustees of the notes); *In re Dura Automotive Sys., Inc.*, Case No. 06- 11202 (Bankr. D. Del. Nov. 1, 2007) [Docket No. 2135] (same). Accordingly, each Duplicate Claim in **Exhibit A** attached to the Proposed Order should be disallowed.

**B.**     **Equity Claims (Exhibit B to Proposed Order)**

17.   The Reorganized Debtors object to each of the claims listed in **Exhibit B** attached hereto (each, an "**Equity Claim**") on the ground that each Equity Claim was filed on account of the respective claimants' ownership of an equity interest in one or more of the Debtors, and thus they simply should be reclassified as such and disallowed as Claims. Accordingly, each Equity Claim in **Exhibit B** attached to the Proposed Order should be disallowed.

## RESERVATION OF RIGHTS

18.   The Liquidating Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to the Duplicate Claims and the Equity Claims, or to any other proofs of claim that may be asserted against the Debtors' estates. Should one or more of the grounds of objection stated herein be overruled, the Liquidating Trustee reserves the right to object to these claims on any other ground that bankruptcy or nonbankruptcy law permits.

19.   Notwithstanding anything contained herein or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to (i) bring avoidance actions under applicable sections of the Bankruptcy Code, including but not

limited to sections 544, 547 and 548 of the Bankruptcy Code, against holders of Claims subject to this Objection or (ii) exercise the Debtors' estates' and/or the Liquidating Trust's rights of setoff against the holders of such claims.

## NOTICE

20.  Notice of this Objection has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (c) those parties whose claims are listed in **Exhibit A and Exhibit B** annexed the Proposed Order attached hereto as **Exhibit 1**. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that this Court approve the relief requested in this Objection and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 26, 2019 | GREENBERG TRAURIG, LLP |
| | |
| | */s/ Dennis A. Meloro* |
| | Dennis A. Meloro (DE Bar No. 4435) |
| | 1007 North Orange Street, Suite 1200 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 661-7000 |
| | Facsimile: (302) 661-7360 |
| | MeloroD@gtlaw.com |
| | |
| | - and - |

        David B. Kurzweil (Admitted *Pro Hac Vice*)
        Georgia Bar No. 430492
        Terminus 200
        3333 Piedmont Road, NE, Suite 2500
        Atlanta, Georgia 30305
        Telephone: 678-553-2100
        Facsimile: 678-553-2269
        KurzweilD@gtlaw.com

        - and -

        Shari L. Heyen (Admitted *Pro Hac Vice*)
        Texas State Bar No. 09564750
        1000 Louisiana, Suite 1700
        Houston, Texas 77002
        Telephone: 713-374-3564
        Facsimile: 713-374-3505
        HeyenS@gtlaw.com

        *Counsel to JLL Consultants, Inc. in its*
        *capacity as Liquidating Trustee*