# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RYCKMAN CREEK RESOURCES, LLC, *et al.*,[1]<br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 16-10292 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: December 16, 2019 at 10:30 a.m.**<br>**Objection Deadline: December 4, 2019 at 4:00 p.m.** |

## THIRD MOTION OF THE LIQUIDATING TRUSTEE TO FURTHER EXTEND DEADLINE TO OBJECT TO CLAIMS

JLL Consultants, Inc., solely in its capacity as liquidating trustee (the "Liquidating Trustee") of the Ryckman Liquidating Trust, and in accordance with its rights and duties under the *Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-In-Possession* [Doc. 1364] (as modified, supplemented, and amended) in the above-captioned jointly-administered bankruptcy cases (the "Plan"),[2] hereby moves the Court for entry of an order further extending the deadline established in the confirmed Plan and Confirmation Order (each as defined below) by which the Liquidating Trustee may object to claims (the "Claims Objection Deadline") filed against the Debtors' estates through and including June 30, 2020 (the "Motion"). In support of this Motion, the Liquidating Trustee respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1534.

---

[1] The Reorganized Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.  General Background**

4. On February 2, 2016 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered.

5. On December 22, 2017, the Court entered an order confirming the Plan [Docket No. 1403] (the "Confirmation Order"). The Effective Date of the Plan occurred on December 27, 2017.

6. Pursuant to Article 12.1 of the Plan, a Liquidating Trust was established in accordance with the terms of a Liquidating Trust Agreement approved in connection with confirmation of the Plan (the "Liquidating Trust Agreement").[2] Under the Plan and Confirmation Order, the Liquidating Trustee was appointed to administer the Liquidating Trust for the benefit of the beneficiaries thereof.

**B.  The Claims Bar Date**

7. On February 29, 2016, the Court entered its *Order Under Bankruptcy Code Sections 105, 501, 502, 503, and 1111(a), and Bankruptcy Rules 2002, 3003(c)(3), and 9007, and Local Bankruptcy Rules 1009-2 and 2002-1(e) (I) Setting General Bar Date, (II) Establishing Procedures for Filing Proofs of Claim, and (III) Approving Form and Manner of Notice Thereof* [Docket No. 111] (the "Bar Date Order").

---

[2]  A copy of the Liquidating Trust Agreement, as amended, was filed on the docket as Exhibit E to the *Notice of Filing of Fourth Plan Supplement with Respect to the Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-in-Possession* [Doc. 1395].

8.     Pursuant to the Bar Date Order, April 11, 2016 (the "General Bar Date") was established as the deadline for all entities or persons, except any governmental unit, to file proofs of claim, and August 1, 2016 was established as a deadline for all governmental units to file proofs of claim. The Bar Date Order also established the deadline by which all persons or entities that hold or wish to assert a claim arising from the Debtors' rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code must assert a claim (the "Rejection Bar Date"). The Rejection Bar Date is the date on or before the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court, (b) any date set by another order of this Court, or (c) the General Bar Date.

9.     On March 11, 2016, the Debtors published the Bar Date Notice in the *Houston Chronicle*, *Salt Lake Tribune*, *Uinta County Herald*, and *Wyoming Tribune Eagle*. *See* Affidavit of Publication of Notice of Deadline for Filing Proofs of Claim [Docket Nos. 163-166].

10.    On March 14, 2016, KCC caused to be served a notice of the Bar Date (the "Bar Date Notice").

11.    As of the date hereof, approximately 313 proofs of claim (each individually a "Proof of Claim") have been filed in the Chapter 11 Cases.

C.    **Claims Resolution Process and Objections to Claims**

12.    In the ordinary course of business, the Debtors maintained books and records that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to its creditors (the "Books and Records").

13.    The Liquidating Trustee and its advisors are reviewing, analyzing, and reconciling claims on an ongoing basis as part of the claims reconciliation process that includes identifying

3

categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. As part of this ongoing process, the Liquidating Trustee is comparing the Proofs of Claim with the Books and Records to determine the validity of the asserted claims.

14. To that end, on August 26, 2019, the Liquidating Trustee filed the *First Omnibus (Non-Substantive) Objection of the Liquidating Trustee to Claims Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 1581], which was granted by the Court on September 24, 2019 [Docket No. 1587].

15. Additionally, on November 13, 2019, the Liquidating Trustee filed the *Second Omnibus (Substantive) Objection of the Liquidating Trustee to Claims Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 1591], which is scheduled for hearing on December 16, 2019.

16. The Liquidating Trustee is continuing to reconcile the filed Proofs of Claim with the Books and Records and anticipates filing additional objections.

**D.    Prior Extensions of the Claims Objection Deadline**

17. Pursuant to the Plan and Confirmation Order, the original Claims Objection Deadline was December 28, 2018. By orders dated February 11, 2019 [Docker No. 1566] and August 20, 2019 [Docket No. 1579], the Court extended the Claims Objection Deadline to June 30, 2019 and December 31, 2019, respectively.

**RELIEF REQUESTED**

18. By this Objection, the Liquidating Trustee seeks entry of an order further extending the Claims Objection Deadline through and including June 30, 2020, for an extension of approximately three months.

**BASIS FOR RELIEF**

19. A further extension of the Claims Objection Deadline is warranted here to ensure that all claims that warrant objections are identified and objected to so that all creditors receive just and equitable distributions under the terms of the Plan. Bankruptcy Rule 9006(b)(1) governs a request for extension of time to object to claims and provides, in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged if the request therefore is made before expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1). To determine whether "cause" exists to extend the deadline to object to claims, courts have considered such factors as the size and complexity of the issues involved, the debtor's good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

20. The Liquidating Trustee submits that cause exists to grant the relief requested herein. The Liquidating Trustee and his professionals have been working diligently to review and reconcile the claims. As noted previously, however, because distributions under the Plan were ultimately largely dependent upon the outcome of Liquidating Trustee's *Motion to Enforce Plan Provisions as to Plan Sponsor Belle Butte LLC, and Request for Stay* [Docket No. 1462], the Liquidating Trustee took steps in the immediate months after appointment to avoid unnecessary and potentially significant administrative costs of reviewing all claims for objections. Since that motion was been resolved, the Liquidating Trustee has turned its full attention to a prompt completion of the wind down of these chapter 11 estates and has now begun objecting to certain claims, including omnibus objections to approximately 50 claims.

21. The Liquidating Trustee is now preparing additional objections that he anticipates he will be in a position to file imminently, and upon resolution of those objections, the Liquidating Trustee is prepared to make any remaining distributions and seek entry of a final decree closing these cases. Although the current Claims Objection Deadline does not expire until December 31, 2019, out of an abundance of caution, the Liquidating Trustee seeks to extend the Claims Objection Deadline for an additional three months to preserve the status quo as the final claims objections are filed and determined by the Court. This brief extension of the Claims Objection Deadline will not prejudice creditors and is therefore in the best interests of the estate.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that this Court enter an order (a) extending the Claims Objection Deadline through and including June 30, 2020 and (b) granting such other and further relief as is just and equitable.

Dated: November 20, 2019                       GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
MeloroD@gtlaw.com

- and -

David B. Kurzweil (Admitted *Pro Hac Vice*)
Georgia Bar No. 430492
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678-553-2100
Facsimile: 678-553-2269
KurzweilD@gtlaw.com

- and -

Shari L. Heyen (Admitted *Pro Hac Vice*)
Texas State Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: 713-374-3564
Facsimile: 713-374-3505
HeyenS@gtlaw.com

*Counsel to JLL Consultants, Inc. in its capacity as Liquidating Trustee*