# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RYCKMAN CREEK RESOURCES, LLC, *et al.*,[1]<br><br>                Reorganized Debtors. | Chapter 11<br><br>Case No. 16-10292 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: January 4, 2022 at 3:00 (ET)<br>Objection Deadline: December 27, 2021 at 4:00 p.m. (ET) |

## MOTION OF THE LIQUIDATING TRUSTEE FOR ENTRY OF
## FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE

JLL Consultants, Inc., solely in its capacity as liquidating trustee (the "Liquidating Trustee") of the Ryckman Liquidating Trust, hereby move this Court (the "Motion") pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (the "Final Decree and Order") in substantially the form attached hereto, (i) closing the chapter 11 case of Ryckman Creek Resources, LLC, Case No. 16-10292 (the "Remaining Case"), and (ii) terminating the services of Kurtzman Carson Consultants, LLC ("KCC") as the Claims, Noticing, and Solicitation Agent under 28 U.S.C. § 156(c). In support of this Motion, the Liquidating Trustee respectfully states:

---

[1] The Reorganized Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The relief requested herein is warranted under section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

**BACKGROUND**

A. **General Background**

5. On February 2, 2016 (the "Petition Date"), the above-captioned Debtors each filed a petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered.

6. On December 22, 2017, the Court entered an order [Docket No. 1403] (the "Confirmation Order") confirming the *Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-In-Possession* [Doc. 1364] (as modified, supplemented, and amended, the "Plan"). The Effective Date of the Plan occurred on December 27, 2017.

7. In accordance with the Confirmation Order, on January 19, 2018, the Court entered a *Final Decree and Order Closing Certain Bankruptcy Cases Pursuant to the Fourth Amended Plan of Reorganization of Ryckman Creek Resources, LLC and Certain of its Affiliated Debtors and Debtors-in-Possession* [Docket No. 1423], which closed the Chapter 11 Cases of (a) Ryckman Creek Resources Holding Company LLC, Case No. 16-10293; (b) Peregrine Rocky Mountains

LLC, Case No. 16-10294; and (c) Peregrine Midstream Partners LLC, Case No. 16-10295. The Remaining Case of Ryckman Creek Resources, LLC is the only remaining open case under which all post-confirmation matters have been administered.

B. **Administration of the Plan**

8. Pursuant to Article 12.1 of the Plan, a Liquidating Trust was established in accordance with the terms of a Liquidating Trust Agreement approved in connection with confirmation of the Plan (the "<u>Liquidating Trust Agreement</u>").[2] Under the Plan and Confirmation Order, the Liquidating Trustee was appointed to administer the Liquidating Trust for the benefit of the beneficiaries thereof.

9. The Liquidating Trustee and its advisors reviewed, analyzed, and reconciled claims as part of the claims reconciliation process. The Liquidating Trustee has fully reconciled claims against the estates and is preparing to make a final distribution to holders of allowed claims. Accordingly, the Plan has been, or soon will be, fully administered.

**RELIEF REQUESTED**

10. The Liquidating Trustee requests that this Court enter the Final Decree and Order (i) closing the Remaining Case of Ryckman Creek Resources, LLC, Case No. 16-10292, and (ii) terminating the services of KCC as the Claims, Noticing, and Solicitation Agent.

**BASIS FOR RELIEF**

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Additionally, Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy

---

[2] A copy of the Liquidating Trust Agreement, as amended, was filed on the docket as Exhibit E to the *Notice of Filing of Fourth Plan Supplement with Respect to the Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-in-Possession* [Doc. 1395].

Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 3022-1(a) further provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid.").

12. The phrase "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note") specifically indicates that "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed." The Advisory Committee Note further sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a. whether the order confirming the plan of reorganization has become final;

    b. whether deposits required by the plan of reorganization have been distributed;

    c. whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

    d. whether the debtor has assumed the business addressed by the plan of reorganization;

    e. whether payments under the plan of reorganization have commenced; and

    f. whether all motions, contested matters and adversary proceedings have been finally resolved.

See Fed. R. Bank. P. 3022, Advisory Committee Notes (1991). Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608 (WS), 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005); *see also In re*

*Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (recognizing that Bankruptcy Rule 3022 allows the court flexibility and "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees here involved have been paid."); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) (recognizing that "all of the factors in the Committee Note need not be present before the Court will enter a final decree").

13. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g., In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015) (noting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same). Section 1101(2) of the Bankruptcy Code defines substantial consummation as the "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

14. Here, the foregoing factors weigh in favor of closing the Remaining Case. The Effective Date has occurred and the Plan has been "fully administered." Indeed, the Liquidating Trustee has reconciled all claims in the Chapter 11 Cases and is preparing to make a final distribution on account of allowed claims. Therefore, substantially all distributable property under

the Plan has been distributed in accordance with the terms of the Plan. To the extent that any distributions or purely administrative matters are necessary to wind up the Liquidating Trust, the Remaining Case does not need to remain open for the Litigation Trustee to undertake such actions. Accordingly, the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

15. In addition, as required by Local Rule 3022-1(c), the Liquidating Trustee will file a final report and account on or before 14 days prior to any hearing scheduled on this Motion. Accordingly, entry of the Final Decree and Order closing the Remaining Case is warranted.

### TERMINATION OF SERVICES PROVIDED BY CLAIMS, NOTICING, AND SOLICITATION AGENT

16. In addition to closing the Remaining Case, the Liquidating Trustee respectfully request that the Final Decree and Order include a provision relieving KCC, as the Claims, Noticing, and Solicitation Agent, of any further obligations with respect to claims and noticing services.

17. In accordance with Local Rule 2002-1(f)(ix), within 28 days of entry of the Final Decree and Order, KCC will: (a) forward to the Clerk an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register. One combined register will be docketed containing claims in all of the Chapter 11 Cases. KCC shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

### NOTICE

18. In accordance with Local Rule 3022-1(b), notice of this Motion has been provided to: (i) the Debtors, (ii) the Office of the United States Trustee for the District of Delaware; and

(iii) all other persons who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1.

## **CONCLUSION**

**WHEREFORE**, the Liquidating Trustee respectfully request that this Court enter a Final Decree and Order (i) closing the Remaining Case of Ryckman Creek Resources, LLC, Case No. 16-10292, (ii) terminating the services of KCC as the Claims, Noticing, and Solicitation Agent, and (c) granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 10, 2021  GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
MeloroD@gtlaw.com

- and -

David B. Kurzweil (Admitted *Pro Hac Vice*)
Georgia Bar No. 430492
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678-553-2100
Facsimile: 678-553-2269
KurzweilD@gtlaw.com

- and -

Shari L. Heyen (Admitted *Pro Hac Vice*)
Texas State Bar No. 09564750
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: 713-374-3564
Facsimile: 713-374-3505
HeyenS@gtlaw.com

*Counsel to JLL Consultants, Inc. in its capacity as Liquidating Trustee*