# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RYCKMAN CREEK RESOURCES, LLC, *et al.*,[1] | Case No. 16-10292 (MFW) |
| Reorganized Debtors. | (Jointly Administered) |

## FINAL REPORT PURSUANT TO LOCAL RULE 3022-1(c)

JLL Consultants, Inc., solely in its capacity as liquidating trustee (the "Liquidating Trustee") of the Ryckman Liquidating Trust, submits this final report (the "Final Report") in accordance with Rule 3022-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in support of the *Motion of the Liquidating Trustee for Entry of Final Decree and Order Closing Chapter 11 Case* [Docket No. 1677] (the "Motion"). The following information is true and correct, to the best of the Liquidating Trustee's knowledge, information, and belief:

### Fees and Expenses

1. To date, the quarterly fees due under 28 U.S.C. § 1930 totaling $281,635.56 have been paid to the Office of the United States Trustee – Region 3 (the "United States Trustee") on account of these chapter 11 cases. The Liquidating Trustee has paid and/or will pay any remaining fees owed to the United States Trustee through the date of entry of a final decree.

---

[1] The Reorganized Debtors and, where applicable, the last four digits of their respective taxpayer identification numbers are as follows: Ryckman Creek Resources, LLC (4180), Ryckman Creek Resources Holding Company LLC, Peregrine Rocky Mountains LLC, and Peregrine Midstream Partners LLC (3363). The address of the Debtors' corporate headquarters is 3 Riveryway, Suite 1100, Houston, TX 77056.

2. From the date on which the Debtors filed these chapter 11 cases, the Debtors paid $23,206,355 in fees and expenses to the retained professionals that provided services through and including the Effective Date. *See* Docket Nos. 1555, 1560, and 1561.

## The Plan and Confirmation Order

3. On December 22, 2017, the Court entered an order [Docket No. 1403] (the "Confirmation Order") confirming the *Fourth Modified Fourth Amended Joint Chapter 11 Plan of Reorganization of Ryckman Creek Resources, LLC and its Affiliated Debtors and Debtors-In-Possession* [Doc. 1364] (as modified, supplemented, and amended, the "Plan").[2] The Effective Date of the Plan occurred on December 27, 2017.

## Distributions

4. The distributions made, or to be made, under the Plan are listed below.[3]

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| n/a | Administrative Claims | (a) Except to the extent that the Debtors, Reorganized Ryckman, or the Liquidating Trust, as applicable, and a Holder of an Allowed Administrative Claim agree to a less favorable treatment, and subject to the provisions of Article IX of the Plan, a Holder of an Allowed Administrative Claim (other than a DIP Facility Claim, which shall be subject to Article 2.2 of the Plan, or a Professional Claim, which shall be subject to Article 2.3 of the Plan) shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Administrative Claim, Cash payments in accordance with Article 9.2 of the Plan. |
| n/a | DIP Facility Claims | (a) *First-Out DIP Facility Claims*. In full and final satisfaction, settlement, release, and discharge of and in exchange for each and every First-Out DIP Facility Claim, each Holder of a First-Out DIP Facility Claim |

---

[2] Capitalized terms used but not otherwise defined have the meanings ascribed to such terms in the Plan.

[3] The information provided in the following table is intended only as a summary description of the distributions required by, and made under, or to be made under, the Plan. Any unintended conflict between this summary and the Plan shall not be construed as a modification of the Plan. Parties should refer to the Plan and the Confirmation Order for detailed descriptions of the distributions thereunder.

ACTIVE 61497541

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| | | shall receive (i) on the Initial Distribution Date and/or any Periodic Distribution Date, any Cash returned to the Debtors, Reorganized Ryckman, or the Liquidating Trust from the Utility Deposit Account; and (ii) Cash payments in accordance with Article 9.2 of the Plan.<br><br>(b) *Other DIP Facility Claims*. In full and final satisfaction, settlement, release, and discharge of and in exchange for each and every Other DIP Facility Claim, each Holder of an Other DIP Facility Claim shall receive (i) on the Trust Distribution Date, its Pro Rata share of the DIP Interests; (ii) on the first Periodic Distribution Date occurring after all Cash-Settled Claims have been paid in full in Cash, the Plan Sponsor Excess Consideration; and (iii) if such Holder of an Other DIP Facility Claim refuses its distribution of DIP Common Units pursuant to Article 9.6(e) of the Plan, its Pro Rata share, relative to the aggregate amount of all DIP Facility Claims, of the Plan Sponsor Call Option Incremental Consideration, identified in subpart (b) of Article 1.111 of the Plan. |
| n/a | Priority Tax Claims | On the later of (i) the Initial Distribution Date or (ii) the first Periodic Distribution Date occurring after the later of (A) 30 days after the date when a Priority Tax Claim becomes an Allowed Priority Tax Claim or (B) 30 days after the date when a Priority Tax Claim becomes payable pursuant to any agreement between the Debtors (or the Liquidating Trust) and the Holder of such Priority Tax Claim, except to the extent that the Debtors (or the Liquidating Trust) and a Holder of an Allowed Priority Tax Claim agree to a less favorable treatment, each Holder of an Allowed Priority Tax Claim due and payable on or before the Effective Date shall receive one of the following treatments on account of such Claim: (1) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, (2) Cash in an amount agreed to by the Debtors (or the Liquidating Trust) and such Holder, *provided*, *however*, that such parties may further agree for the payment of such Allowed Priority Tax Claim to occur at a later date, or (3) at the sole option of the Liquidating Trust, Cash in the aggregate amount of such Allowed Priority Tax Claim payable in installment payments over a period of not more than five years after the Petition Date pursuant to Bankruptcy Code section 1129(a)(9)(C). To the extent any Allowed Priority Tax |

3

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
|  |  | Claim is not due and owing on the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtors and the Holder of such Claim, or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business. |
|  |  |  |
| 1 | Statutory Lien Claims | (i) Each Holder of a Disputed Class 1 Claim (that is, for the avoidance of doubt, the asserted Statutory Lien Claim of a Purported Lienholder prior to the Priority Determination Date) that validly exercises its Class 1 Election on its voting ballot shall receive its Pro Rata share of the Class 1 Settlement Pool (relative to all Holders entitled to make such election, even if less than all such Holders actually make such election).<br><br>(ii) Except as otherwise provided in and subject to Article 9.5 of the Plan, and except to the extent that a Holder of an Allowed Class 1 Claim (A) has validly exercised its Class 1 Election on its voting ballot or (B) agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each and every Allowed Class 1 Claim, the Liquidating Trust shall, on the Priority Determination Date, assume such Allowed Class 1 Claim and grant each Holder thereof a Purported Lienholder Replacement Lien, which (1) shall attach to the Liquidating Trust Interests and any proceeds thereof with the same validity, force, and effect that the Lien securing such Allowed Class 1 Claim had against the collateral securing such Allowed Class 1 Claim as of the Effective Date and (2) shall be immediately enforceable by the Holder thereof pursuant to applicable nonbankruptcy law; *provided*, *however*, that neither the Liquidating Trustee nor the Liquidating Trust Beneficiaries shall have any personal liability thereon. For the avoidance of doubt, on the Effective Date, all Liens and security interests asserted by the Purported Lienholders shall be deemed discharged, cancelled, and released and shall be of no further force and effect. |
| 2 | Other Priority Claims | Except as otherwise provided in and subject to Article 9.5 of the Plan, and except to the extent that a Holder of an Allowed Class 2 Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each and |

4

| Class | Type of Claim or Interest | Distribution |
|---|---|---|
| | | every Allowed Class 2 Claim, each Holder of an Allowed Class 2 Claim shall be paid in full in Cash on the first Periodic Distribution Date occurring after the later of (a) the Effective Date and (b) 30 days after the date when a Class 2 Claim becomes an Allowed Claim; *provided, however*, that Other Priority Claims that arise in the ordinary course of the Debtors' business and which are not due and payable on or before the Effective Date shall be paid in the ordinary course of business. |
| 3 | Unsecured Claims | Except to the extent that a Holder of an Allowed Class 3 Claim agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of and in exchange for each and every Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim shall receive on the Trust Distribution Date on account of such Class 3 Claim its Pro Rata share of the Class 3 Interests. |
| 4 | Intercompany Claims | On the Effective Date, all net Class 4 Claims (taking into account any setoffs of Intercompany Claims) shall be released, waived, and discharged without payment or distribution. |
| 5 | Subordinated Claims | Holders of Class 5 Claims shall not receive any distributions on account of such Class 5 Claims, and on the Effective Date all Class 5 Claims shall be released, waived, and discharged. |
| 6 | Interests | On the Effective Date, Class 6 Interests shall be deemed automatically cancelled, released, and extinguished without further action by the Debtors or the Reorganized Debtors, and the obligations of the Debtors and the Reorganized Debtors thereunder shall be discharged, and the Holders of Class 6 Interests shall not receive or retain any property or interests on account of such Class 6 Interest. |

5. Any distributions required to date under the Plan have been made or will be made in the ordinary course, as applicable.

6. All matters to be completed upon the Effective Date of the Plan have been fulfilled or completed.

7. There is no pending adversary proceeding, contested matter, or other proceeding in these chapter 11 cases that would affect the substantial consummation of the cases.

Dated: December 20, 2021

<u>/s/ William Kaye</u>
JLL Consultants, Inc., Liquidating Trustee
By: William Kaye, Managing Director

ACTIVE 61497541